UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

MELISSA FENDLEY,
an individual,

    Plaintiff,

CASE NO:

vs.

EL PORTAL, INC., a domestic corporation; and ALVARO SALAZAR, an individual,

    Defendants.
_____/

# COMPLAINT

Plaintiff, MELISSA FENDLEY ("Plaintiff") by and through the undersigned counsel, hereby files this Complaint and sues EL PORTAL, INC., and ALVARO SALAZAR, for injunctive relief, attorney's fees and costs pursuant to 42 U.S.C. §12181 *et seq.*, ("Americans with Disabilities Act" or "ADA") and alleges:

## JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 *et seq.,* (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction under 28 U.S.C. Sections 1331 and 1343.

1

2. Venue is proper in this Court, the Northern District of Alabama pursuant to 28 U.S.C. §1391 (B) and Local Rules of the United States District Court for the Northern District of Alabama.

3. Plaintiff, MELISSA FENDLEY (hereinafter referred to as "FENDLEY") is a resident of the State of Alabama and is a qualified individual with a disability under the ADA. FENDLEY suffers from what constitutes a "qualified disability" under the Americans with Disabilities Act of 1990, ("ADA") and all other applicable Federal statutes and regulations to the extent that she suffers from paraplegia and requires a wheelchair for mobility. Prior to instituting the instant action, FENDLEY visited the Defendants' premises at issue in this matter on multiple occasions as her daughter and grandchildren live nearby, most recently on or about February 14, 2024, and was denied full, safe and equal access to the subject properties due to their lack of compliance with the ADA. FENDLEY continues to desire and intends to visit the Defendants' premises but continues to be denied full, safe and equal access due to the barriers to access that continue to exist.

4. The Defendant, EL PORTAL, INC., is a domestic corporation, registered to do business and, in fact, conducting business in the State of Alabama. Upon information and belief EL PORTAL, INC. (hereinafter referred to as "EL PORTAL" or jointly as "Defendants") is the owner, lessee and/or operator of the

real property and improvements that are the subject of this action, specifically: the El Portal Mexican Restaurant #1 located at 1901 Hwy 31 SW in Hartselle and the El Portal Mexican Restaurant #2 located at 1315 Hwy 31 NW in Hartselle, Alabama (hereinafter referred to jointly as the "Restaurants").

5. The Defendant, ALVARO SALAZAR, is an individual over the age of majority who resides in Morgan County, Alabama. Upon information and belief, ALVARO SALAZAR (hereinafter referred to as "SALAZAR" or jointly as "Defendants") is the owner, lessee and/or operator of the El Portal Restaurants identified in the foregoing paragraph.

6. All events giving rise to this lawsuit occurred in the Northern District of Alabama.

## COUNT I - VIOLATION OF THE ADA

7. On or about July 26, 1990, Congress enacted the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101 *et seq*. Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements. The effective date of Title III of the ADA was January 26, 1992. 42 U.S.C. §12181; 20 C.F.R. §36.508 (A).

8. Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, the Restaurants owned and/or operated by Defendants are places of public

3

accommodation in that they are retail establishments operated by a private entity that provide food and drink to the public.

9. Defendants have discriminated and continus to discriminate against the Plaintiff, and others who are similarly situated, by denying access to, and full, safe and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations at the Restaurants in derogation of 42 U.S.C §12101 *et seq*.

10. The Plaintiff has been unable to and continues to be unable to enjoy access to, and the benefits of the services offered at the Restaurants owned and/or operated by Defendants. Prior to the filing of this lawsuit, Plaintiff visited the Restaurants at issue in this lawsuit and was denied access to the benefits, accommodations and services of the Defendants' premises and therefore suffered an injury in fact as a result of the barriers to access listed in Paragraph 12, below, that she personally encountered. In addition, Plaintiff continues to desire and intends to visit the Restaurants, but continues to be injured in that she is unable to and continues to be discriminated against due to the barriers to access that remain at the Restaurants in violation of the ADA. FENDLEY has now and continues to have reasonable grounds for believing that she has been and will be discriminated against because of the Defendants' continuing deliberate and knowing violations of the ADA.

11. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the

Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA 28 C.F.R. Part 36.

12. Defendants are in violation of 42 U.S.C. §12181 *et seq.* and 28 C.F.R. §36.302 *et seq.* and are discriminating against the Plaintiff as a result of *inter alia*, the following specific violations that Plaintiff personally encountered:

### *El Portal #1*

i. The parking spaces with some indicia of accessibility lack raised signage to designate them accessible;

ii. There is no wheelchair accessible toilet room provided.

iii. The entry doors to both existing toilet rooms have knob-type hardware that requires tight grasping and twisting of the wrist to operate;

iv. The existing toilet rooms are not designated with accessible signage;

v. The lavatories in the existing toilet rooms are of a pedestal design that offers none of the knee and toe clearance necessary for a wheelchair;

vi. There are no grab bars at the water closets in the existing toilet room;

vii. There is insufficient clear floor space and wheelchair maneuvering space at both the lavatories and water closets in the existing toilet rooms;

    viii.    The toilet tissue dispersers are out of reach of a wheelchair user in the existing toilet rooms;

*El Portal #2*

    ix.    None of the three accessible parking spaces having some indicia of accessibility is designated as accessible with raised signage;

    x.    One of the parking spaces with some indicia of accessibility lacks an adjacent access aisle necessary for a wheelchair user to enter or exit a vehicle parked in the space;

    xi.    The existing toilet rooms are not designated with accessible signage;

    xii.    The existing toilet room signage is not located in an accessible location;

    xiii.    The lavatories in the existing toilet rooms are in base cabinets that offer none of the knee and toe clearance required by a wheelchair user;

    xiv.    The paper towel dispensers in the existing toilet rooms have operating controls that are located out of reach of a wheelchair user;

    xv.    The mirrors in the existing toilet rooms are mounted too high for a wheelchair user;

    xvi.    The rear grab bars at the water closets in the existing toilet rooms are too short.

13.    There are other current barriers to access and violations of the ADA at the Restaurants owned and operated by Defendants that were not specifically

6

identified herein as the Plaintiff is not required to engage in a futile gesture pursuant to 28 C.F.R. Part 36, §36.501 and, as such, only once a full inspection is performed by Plaintiff or Plaintiff's representatives can all said violations be identified.

14. To date, the barriers to access and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

15. Pursuant to the ADA, 42 U.S.C. §12101 *et seq.* and 28 C.F.R. §36.304, Defendants were required to make their Restaurants, places of public accommodation, accessible to persons with disabilities by January 28, 1992. To date, Defendants have failed to comply with this mandate.

16. Pursuant to 28 CFR §36.211, Defendants are required to maintain their accessible features in operable working condition in a manner that is readily accessible to and usable by individuals with disabilities. To date, Defendants have also failed to comply with this mandate.

17. Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have her reasonable attorney's fees, costs and expenses paid by Defendant pursuant to 42 U.S.C. §12205.

18. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an Order to alter the subject facilities to

make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the subject facilities until the requisite modifications are completed.

WHEREFORE, the Plaintiff demands judgment against Defendants and requests the following injunctive and declaratory relief:

    A.    That the Court declare that the properties owned and administered by Defendants are violative of the ADA;

    B.    That the Court enter an Order directing Defendants to alter its facilities to make them accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA;

    C.    That the Court enter an Order directing Defendants to evaluate and neutralize their policies and procedures towards persons with disabilities for such reasonable time so as to allow them to undertake and complete corrective procedures;

    D.    That the Court award reasonable attorney's fees, costs (including expert fees) and other expenses of suit, to the Plaintiff; and

    E.    That the Court award such other and further relief as it deems necessary, just and proper.

Dated this 21st day of March, 2024.

Respectfully submitted,

By:   */s/ Edward I. Zwilling*
Edward I. Zwilling, Esq.
AL State Bar No.: ASB-1564-L54E

**OF COUNSEL:**
Law Office of Edward I. Zwilling, LLC
4000 Eagle Point Corporate Dr.
Birmingham, Alabama 35242
Telephone:  (205) 822-2701
Email: edwardzwilling@zwillinglaw.com